1 | CROSNER LEGAL, P.C.
Michael T. Houchin (SBN 305541)
mhouchin@crosnerlegal.com
Craig W. Straub (SBN 249032)
craig@crosnerlegal.com
Zachary M. Crosner (SBN 272295)
zach@crosnerlegal.com
9440 Santa Monica Blvd. Suite 301
Beverly Hills, CA 90210
Tel: (866) 276-7637
Fax: (310) 510-6429
*Attorneys for Plaintiff and the Proposed Class*

# UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CASSAUNDRA MAXWELL, individually, and on behalf of all others similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>APPLE, INC.,<br><br>Defendant. | Case No. 5:25-cv-3315<br><br>**CLASS ACTION COMPLAINT**<br><br><u>DEMAND FOR JURY TRIAL</u> |

## INTRODUCTION

1. Plaintiff Cassaundra Maxwell ("Plaintiff") on behalf of herself, all others similarly situated, and the general public, by and through her undersigned counsel, hereby brings this action against Apple, Inc. ("Defendant"), and upon information and belief and investigation of counsel, alleges as follows:

2. This is a consumer class action for violations of Washington's Telephone Buyers' Protection Act, Rev. Code Wash. §§ 19,130,010, *et seq.* ("TBPA"), and Washinton's Consumer Protection Act, Rev. Code Wash. §§ 19.86.010, *et seq.* ("CPA").

3. Defendant manufactures, distributes, advertises, markets, and sells iPhone brand cell phone products (the "Products" or "iPhones"). The packaging for the Products omits certain disclosures that are required under Washinton's TBPA, including, the person responsible for the repair of the equipment, Apple's standard repair charges, and the terms of the warranty for the Products. *See* Rev. Code Wash. § 19.130.020.

4. Defendant's non-disclosures mislead consumers and are a *per se* violation of Washington's CPA. *See* Rev. Code Wash. § 19.130.060.

5. Plaintiff, who purchased an iPhone in Washington, was deceived by Defendant's unlawful conduct and brings this action on her own behalf and on behalf of Washington consumers to remedy Defendant's unlawful acts.

## JURISDICTION AND VENUE

6. This Court has original jurisdiction over this action pursuant to 28 U.S.C. § 1332(d) because this is a class action in which: (1) there are over 100 members in the proposed class; (2) members of the proposed class have a different citizenship from Defendant; and (3) the claims of the proposed class members exceed $5,000,000 in the aggregate, exclusive of interest and costs.

7. This Court has general personal jurisdiction over Defendant because Defendant is a California corporation that maintains its principal place of business within this judicial district. Defendant conducts and transacts business in the State of California, contracts to supply goods within the State of California, and supplies goods within the State of California.

1

1  Defendant, on its own and through its agents, is responsible for the distribution, marketing, labeling, and sale of the Products in California, specifically in this judicial district. The marketing of the Products, including the decision of what to include and not include on the labels, emanates from Defendant. Thus, Defendant has intentionally availed itself of the markets within California through its advertising, marketing, and sale of the Products to consumers in California, including Plaintiff.

8. Venue is proper pursuant to 28 U.S.C. § 1391(b)(1) because Defendant resides within this judicial district.

### PARTIES

9. Defendant Apple, Inc. is a California corporation that maintains its principal place of business at One Apple Park Way, Cupertino, California 95014. At all times during the class period, Defendant was the manufacturer, distributor, marketer, and seller of the Products.

10. Plaintiff Cassaundra Maxwell is a resident of Snohomish County, Washington. Plaintiff purchased an iPhone 14 from a Costco store located in Snohomish County, Washington during the class period.

### FACTUAL ALLEGATIONS

### WASHINGTON'S TELEPHONE BUYERS' PROTECTION ACT

11. Enacted in 1984, Washington Senate Bill 4560 added a new chapter to Title 19 of the Revised Code of Washington, also known as the "Telephone Buyers' Protection Act," relating to presale disclosures about telecommunications equipment. The purpose of the statute is as follows:

> The legislature finds that the federal deregulation of the telephone industry provides telephone users with the opportunity to purchase and use telephone and other telecommunications equipment suited to their needs. The legislature finds that competitive markets function optimally when potential buyers have adequate information about the capabilities and reliability of the equipment offered for sale. The legislature further finds that disclosure of certain product information will benefit both buyers and sellers of telephone and other telecommunications equipment and is in the public interest.

Rev. Code Wash. § 19.130.010.

12. The TBPA requires sellers of telephone equipment to "clearly disclose prior to sale" certain information as follows:

> Any person offering for sale or selling new or reconditioned telephone handsets or keysets, private branch exchanges, or private automatic branch exchanges of not more than a twenty-station capacity, shall clearly disclose prior to sale by methods which may include posting of notice or printing on the equipment package the following:
>
> (1) Whether the equipment uses pulse, tone, pulse-or-tone, or other signaling methods, and a general description of the services that can be accessed through the equipment;
>
> (2) Whether the equipment is registered with the federal communications commission under the applicable federal regulations;
>
> (3) The person responsible for repair of the equipment;
>
> (4) Standard repair charges, if any; and
>
> (5) The terms of any written warranty offered with the equipment.

Rev. Code Wash. § 19.130.020.

13. A violation of the TBPA is a *per se* violation of the CPA. *See* Rev. Code Wash. § 19.130.060 ("Violation of this chapter constitutes a violation of chapter 19.86 RCW, the consumer protection act.").

14. The TBPA provides for presumed statutory damages as follows: "It shall be presumed that damages to the consumer are equal to the purchase price of any telephone equipment sold in violation of this chapter up to one hundred dollars. Additional damages must be proved." *See* Rev. Code Wash. § 19.130.060.

15. Passage of the TBPA was sponsored by the Washington Public Interest Group ("WashPIRG"). Part of WashPIRG's testimony noted that "WashPIRG strongly advocates passing legislation mandating disclosure of information in the sale of telephone equipment and providing remedies to enforce its practice."[1]

---

[1] *See* **Exhibit A** attached hereto.

16. In his testimony before the House Committee on Energy and Utilities, Ceu Ratliffe, representing this same interest group stated:

> We would like to reemphasize the need for SSB 4560 as the cure for a growing consumer problem. WashPIRG hopes the committee will recommend this bill with the standard repair charge disclosure included and create an effective piece of consumer protection legislation.[2]

17. As Mr. Ratliffe noted in his testimony, "In many cases the cost of repair is not worth the consumers' effort. It is almost the cost of the whole phone."[3]

**APPLE FAILS TO COMPLY WITH THE TELEPHONE BUYERS' PROTECTION ACT**

18. The packaging for the Products does not disclose the following information that is required under the TBPA: (1.) the person responsible for the repair of the equipment; (2.) standard repair charges; and (3.) the terms of any written warranty offered with the equipment. Below is a picture of the back of the packaging for an iPhone 14 Pro:

> iPhone 14 Pro
> Designed by Apple in California
> Assembled in China
>
> Includes: iPhone 14 Pro and USB-C to Lightning Cable; power adapter and headphones sold separately. Supports: GSM, UMTS, LTE, and 5G (sub-6 GHz, mmWave) • Wi-Fi, Bluetooth, NFC, and GPS • Some capabilities not available and depend on region, wireless plan, and network • For LTE and 5G, see apple.com/iphone/cellular • Hearing aid compatible • More at apple.com/iphone/compare.
> Requires: Wireless plan (may include restrictions on switching providers and roaming, even after contract expiration) • eSIM • Apple ID (for some features) • Internet access • Acceptance of software license at apple.com/legal/sla. Battery life and charge cycles vary with use and settings. Battery may eventually need replacement. 1GB = 1 billion bytes; actual formatted capacity less.

---

[2] *See* **Exhibit B** attached hereto.

[3] *Id.*

4
CLASS ACTION COMPLAINT

19. A picture of the front of the packaging for an iPhone 14 Pro is shown below:



20. Each of Apple's iPhones are substantially similar in that the packaging does not disclose information that is required under the TBPA.

21. Apple also does not post notice of the information required by the TBPA in retail stores prior to its sale of the Products to consumers.

**APPLE MAINTAINS STANDARD REPAIR CHARGES FOR THE PRODUCTS, BUT FAILS TO DISCLOSE THE REPAIR CHARGES PRIOR TO SALE**

22. Apple has standard repair charges for its iPhone products. These repair charges are available at: https://support.apple.com/iphone/repair. However, Apple fails to clearly disclose these standard repair charges on the packaging of the Products nor does it clearly disclose the standard repair charges by the posting of a notice prior to sale of the Products in violation of the TBPA.

23. As an example, the repair charge for a cracked screen on an iPhone 14 Pro is $329 without an AppleCare+ plan as shown below:

**Get an estimate**

Make your selections below.

Service type: Cracked screen (front only)

Product or accessory: iPhone 14

Model: iPhone 14 Pro

Need help identifying your model?

Get estimate

Your estimated cost
We'll check your service coverage to determine the final service fee.
**$ 329**

Got an AppleCare+ plan?
If available, use your applicable AppleCare+ plan benefits with this fee:
**$ 29**

24. As another example, the repair cost for a cracked screen and back glass damage on an iPhone 14 Pro is $599 without an AppleCare+ plan as shown below:

**Get an estimate**
Make your selections below.

Service type: Cracked screen and back glass dama[ge]
Product or accessory: iPhone 14
Model: iPhone 14 Pro

Need help identifying your model? ›

Get estimate

Your estimated cost
We'll check your service coverage to determine the final service fee.
**$ 599**

Got an AppleCare+ plan?
If available, use your applicable AppleCare+ plan benefits with this fee:
**$ 58**

25. Apple's failure to disclose its standard repair charges deceives consumers. As one article notes, the standard repair charges for a iPhone 16 "range from $99 for a battery replacement on the iPhone 16 to $749 for 'Other Damage' on the iPhone 16 Pro Max."[4] These repair costs are significant considering that retail price for an iPhone 16 is approximately $799.[5]

---

[4] *Here's How Much It Will Cost to Repair Your iPhone 16*, ICLARIFIED (Sept. 13, 2024), available at https://www.iclarified.com/94884/heres-how-much-it-will-cost-to-repair-your-iphone-16

[5] https://www.apple.com/iphone-16/?afid=p238%7Cs5Egpt12t-dc_mtid_20925d2q39172_pcrid_729420694454_pgrid_167776333592_pntwk_g_pchan__pexid__ptid_kwd-2584029775_&cid=wwa-us-kwgo-iphone--slid---Core-iPhone16-TradeIn2025-

CROSNER LEGAL, P.C.

**APPLE FAILS TO DISCLOSE THE TERMS OF ITS WRITTEN WARRANTY PRIOR TO SALE**

26. Apple also has a one-year limited warranty for most iPhones. For example, the terms of Apple's warranty for newer iPhone models can be found at: https://www.apple.com/legal/warranty/products/ios-warranty-document-us.html.[6] However, Apple fails to clearly disclose the warranty on the packaging of the Products nor does it clearly disclose the warranty by posting of notice prior to sale of the Products in violation of TBPA.

**PLAINTIFF'S PURCHASE OF AN IPHONE**

27. Plaintiff purchased an iPhone 14 from a Costco store located in Snohomish County, Washington during the class period in approximately 2023. Plaintiff would not have purchased the Product, or would have paid less for the Product, had Defendant clearly disclosed the standard repair charges for the Product and the warranty information for the Product in compliance with the TBPA. As a result, Plaintiff suffered injury in fact and ascertainable loss when she spent money to purchase the Product she would not have purchased, or would have paid less for, absent Defendant's omissions. Plaintiff desires to purchase the Products again if Defendant disclosed standard repair charges and warranty information for the Products in compliance with the TBPA. However, as a result of Defendant's ongoing omissions, Plaintiff is unable to rely on the Products' advertising and labeling when deciding in the future whether to purchase the Products.

**CLASS ACTION ALLEGATIONS**

28. Plaintiff brings this action as a class action pursuant to Federal Rules of Civil Procedure 23(b)(2) and 23(b)(3) on behalf of the following Class:

> All persons who purchased the Products for personal use in Washington within the applicable statute of limitations until the date class notice is disseminated.

29. Excluded from the class are: (i) Defendant and its officers, directors, and employees; (ii) any person who files a valid and timely request for exclusion; (iii) judicial

---

[6] A copy of the warranty is also attached hereto as **Exhibit C**.

8
CLASS ACTION COMPLAINT

officers and their immediate family members and associated court staff assigned to the case; (iv) individuals who received a full refund of the Products from Defendant.

30. Plaintiff reserves the right to amend or otherwise alter the class definition presented to the Court at the appropriate time, or to propose or eliminate subclasses, in response to facts learned through discovery, legal arguments advanced by Defendant, or otherwise.

31. The Class is appropriate for certification because Plaintiff can prove the elements of the claims on a classwide basis using the same evidence as would be used to prove those elements in individual actions alleging the same claims.

32. <u>Numerosity</u>: Class Members are so numerous that joinder of all members is impracticable. Plaintiff believes that there are thousands of consumers who are Class Members described above who have been damaged by Defendant's deceptive and misleading practices.

33. <u>Commonality</u>: There is a well-defined community of interest in the common questions of law and fact affecting all Class Members. The questions of law and fact common to the Class Members which predominate over any questions which may affect individual Class Members include, but are not limited to:

    a.    Whether Defendant is responsible for the conduct alleged herein which was uniformly directed at all consumers who purchased the Products;

    b.    Whether Defendant's misconduct set forth in this Complaint demonstrates that Defendant engaged in unfair, fraudulent, or unlawful business practices with respect to the advertising, marketing, and sale of the Products;

    c.    Whether Defendant made omissions concerning the Products that were likely to deceive the public;

    d.    Whether Plaintiff and the Class are entitled to injunctive relief;

    e.    Whether Plaintiff and the Class are entitled to money damages and/or restitution under the same causes of action as the other Class Members.

34. <u>Typicality</u>: Plaintiff is a member of the Class that Plaintiff seeks to represent. Plaintiff's claims are typical of the claims of each Class Member in that every member of the

Class was susceptible to the same deceptive, misleading conduct and purchased the Products. Plaintiff is entitled to relief under the same causes of action as the other Class Members.

35.  <u>Adequacy</u>: Plaintiff is an adequate Class representative because Plaintiff's interests do not conflict with the interests of the Class Members Plaintiff seeks to represent; the consumer fraud claims are common to all other members of the Class, and Plaintiff has a strong interest in vindicating the rights of the class; Plaintiff has retained counsel competent and experienced in complex class action litigation and Plaintiff intends to vigorously prosecute this action. Plaintiff has no interests which conflict with those of the Class. The Class Members' interests will be fairly and adequately protected by Plaintiff and proposed Class Counsel. Defendant has acted in a manner generally applicable to the Class, making relief appropriate with respect to Plaintiff and the Class Members. The prosecution of separate actions by individual Class Members would create a risk of inconsistent and varying adjudications.

36.  The Class is properly brought and should be maintained as a class action because a class action is superior to traditional litigation of this controversy. A class action is superior to the other available methods for the fair and efficient adjudication of this controversy because:

   a.  The joinder of hundreds of individual Class Members is impracticable, cumbersome, unduly burdensome, and a waste of judicial and/or litigation resources;

   b.  The individual claims of the Class Members may be relatively modest compared with the expense of litigating the claim, thereby making it impracticable, unduly burdensome, and expensive to justify individual actions;

   c.  When Defendant's liability has been adjudicated, all Class Members' claims can be determined by the Court and administered efficiently in a manner far less burdensome and expensive than if it were attempted through filing, discovery, and trial of all individual cases;

   d.  This class action will promote orderly, efficient, expeditious, and appropriate adjudication and administration of Class claims;

   e.  Plaintiff knows of no difficulty to be encountered in the management of this action that would preclude its maintenance as a class action;

   f.  This class action will assure uniformity of decisions among Class Members;

g. The Class is readily definable and prosecution of this action as a class action will eliminate the possibility of repetitious litigation; and

h. Class Members' interests in individually controlling the prosecution of separate actions is outweighed by their interest in efficient resolution by single class action;

37. Additionally or in the alternative, the Class also may be certified because Defendant has acted or refused to act on grounds generally applicable to the Class thereby making final declaratory and/or injunctive relief with respect to the members of the Class as a whole, appropriate.

38. Plaintiff seeks preliminary and permanent injunctive and equitable relief on behalf of the Class, on grounds generally applicable to the Class, to enjoin and prevent Defendant from engaging in the acts described, and to require Defendant to provide full restitution to Plaintiff and the Class members.

39. Unless the Class is certified, Defendant will retain monies that were taken from Plaintiff and Class members as a result of Defendant's wrongful conduct. Unless a classwide injunction is issued, Defendant will continue to commit the violations alleged and the members of the Class and the general public will continue to be misled.

### FIRST CLAIM FOR RELIEF

**Violation of Telephone Buyers' Protection Act**

**RCW §§ 19.130.010,** *et seq.*

40. Plaintiff realleges and incorporates by reference all allegations contained in this complaint, as though fully set forth herein.

41. Plaintiff brings this claim under the TBPA individually and on behalf of the Class against Defendant.

42. At all times relevant hereto, Defendant was a person "offering for sale or selling new or reconditioned telephone handsets or keysets, private branch exchanges, or private automatic branch exchanges" as set forth in Rev. Code Wash. § 19.130.020.

43. At all relevant times, the Products were "telephone handsets or keysets" as set forth in Rev. Code Wash. § 19.130.020.

44. At all relevant times, the packaging of the products failed to clearly disclose the following information that is required under the TBPA: (1.) the person responsible for the repair of the equipment; (2.) standard repair charges; and (3.) the terms of any written warranty offered with the equipment. *See* RCW § 19.130.020.

45. At all relevant times, Defendant failed to clearly disclose, by positing notice prior to sale, the following information that is required under the TBPA: (1.) the person responsible for the repair of the equipment; (2.) standard repair charges; and (3.) the terms of any written warranty offered with the equipment. *See* Rev. Code Wash. § 19.130.020.

46. Because of Defendant's omissions, Plaintiff and the class members suffered presumed damages that are equal to the purchase price of the products up to one hundred dollars. *See* Rev. Code Wash. § 19.130.060, *et seq.*

## SECOND CLAIM FOR RELIEF

### Violation of the Washington Consumer Protection Act

### RCW § 19.86.010, *et seq.*

47. Plaintiff realleges and incorporates by reference all allegations contained in this complaint, as though fully set forth herein.

48. The Washington Consumer Protection Act ("CPA") makes it unlawful to commit "[u]nfair methods of competition and unfair or deceptive acts or practices in the conduct of any trade or commerce." Rev. Code Wash.§ 19.86.020. The CPA provides a private right of action for "[a]ny person who is injured in his or her business or property" by violations of the Act. REV. CODE WASH. ANN. 19.86.090.

49. "Violation of [the TBPA] constitutes a violation of chapter 19.86 RCW, the consumer protection act." Rev. Code Wash. § 19.130.060, *et seq.* Because Defendant has violated the TBPA, it has also violated the CPA.

50. In the course of the Defendant's business, it deceptively omitted information that is required by the TBPA, including: (1.) the person responsible for the repair of the equipment; (2.) standard repair charges; and (3.) the terms of any written warranty offered with the equipment. *See* Rev. Code Wash. § 19.130.020.

51. Defendant's actions as set forth above occurred in the conduct of trade or commerce, and constitute unfair or deceptive trade practices under the CPA. Defendant's actions impact the public interest because Plaintiff was injured in exactly the same way as thousands of others who paid for the Products as a result of Defendant's generalized course of deception. Defendant's conduct has the capacity to, and has actually caused injury not only to Plaintiff, but to thousands of others in Washington and around the country.

52. Plaintiff was deceived by Defendant's unfair and deceptive omission of material facts in deciding to purchase the Products from Defendant. Buyers, such as Plaintiff, would have acted differently if she had known the standard repair charges and the terms of the warranty for the Products prior to sale as is required by the TBPA. Plaintiff and members of the Class would have wanted to know, as would any reasonable person, the information required to be disclosed by the TBPA as this information would have changed their and any reasonable customer's decision to purchase the Products.

53. Plaintiff the Class were injured as a result of Defendant's conduct, and suffered ascertainable monetary loss.

54. Plaintiff seeks an award of actual damages, treble damages, injunctive and declaratory relief, and attorney's fees and costs as permitted by the CPA. Rev. Code Wash. § 19.86.090. Plaintiff also seeks presumed damages that are equal to the purchase price of the Products up to one hundred dollars. *See* Rev. Code Wash. § 19.130.060, *et seq*.

55. Pursuant to Rev. Code Wash. § 19.86.095, Plaintiff will serve the Washington Attorney General with a copy of this complaint as Plaintiff seeks injunctive relief.

## REQUEST FOR RELIEF

Plaintiff, individually, and on behalf of all others similarly situated, request for relief pursuant to each claim set forth in this complaint, as follows:

a. Declaring that this action is a proper class action, certifying the Class as requested herein, designating Plaintiff as the Class Representative and appointing the undersigned counsel as Class Counsel;

b.  Ordering restitution and disgorgement of all profits and unjust enrichment that Defendant obtained from Plaintiff and the Class members as a result of Defendant's unlawful, unfair, and fraudulent business practices;

c.  Ordering injunctive relief as permitted by law or equity, including enjoining Defendant from continuing the unlawful practices as set forth herein, and ordering Defendant to engage in a corrective advertising campaign;

d.  Ordering actual damages;

e.  Ordering presumed statutory damages in the amount of one hundred dollars per violation;

f.  Ordering Defendant to pay attorneys' fees and litigation costs to Plaintiff and the other members of the Class;

g.  Ordering Defendant to pay both pre- and post-judgment interest on any amounts awarded; and

h.  Ordering such other and further relief as may be just and proper.

### JURY DEMAND

Plaintiff hereby demands a trial by jury of all claims in this Complaint so triable.

Dated: April 14, 2025                         CROSNER LEGAL, P.C.

                                              By:     /s/ Michael T. Houchin
                                                      MICHAEL T. HOUCHIN

                                              9440 Santa Monica Blvd. Suite 301
                                              Beverly Hills, CA 90210
                                              Tel: (866) 276-7637
                                              Fax: (310) 510-6429
                                              mhouchin@crosnerlegal.com

                                              *Attorneys for Plaintiff and the Proposed Class*